GOVERNMENT SAVINGS AND LOAN COMPANY, APPELLANT, *v.*
KAPLAN ET AL., APPELLEES.

[Cite as Government Savings and Loan Co. v.
Kaplan (1971), 35 Ohio App. 2d 129.]

(No. 11510—Decided June 28, 1971.)

*Mr. Cedric Vogel,* for appellant Government Savings and Loan Company.

*Messrs. Strauss, Troy & Ruehlmann* and *Mr. Samuel M. Allen,* of counsel for appellants Litwin Realty et al.

*Messrs. Tyler, Kane & Rubin,* for appellants/appellees Donald Kaplan et al.

SHERER, J. The undisputed evidence in this case establishes the following facts:

On July 21, 1964, Steven Construction, Inc., executed a deed conveying property at 325-327 Forest Ave. in Cincinnati to Donald Kaplan, a party defendant herein. This deed was recorded on July 29, 1964, at 3:57 p. m. Kaplan paid no money to Steven Construction, Inc., for the conveyance and never at any time exercised any control over the property.

On July 24, 1964, Kaplan and his wife executed a deed for this property to Litwin Realty, a partnership, consisting of the individual partners named herein, which contained this language in the warranty clause:

"and except for unpaid balance of a certain mortgage to Government Savings & Loan Co. which the grantee assumes and agrees to pay."

Litwin Realty paid Kaplan no money for this conveyance. This deed was recorded on February 10, 1965.

On July 29, 1964, Kaplan and his wife executed a note and mortgage on the property in the sum of $65,000 to Government Savings and Loan Company, the plaintiff herein. The mortgage was recorded on July 30, 1964. The balance due and unpaid on the note is $59,562.13 with interest at the rate of 6½ percent per annum from November 3, 1970. The Kaplans admit the execution of the note and mortgage.

Litwin Realty was, at the time of the execution of the note and mortgage and at the time of the execution of the deeds herein mentioned, a partnership consisting of the following named persons: Jacob A. Litwin, Boris Litwin, Max Litwin, Sanford Armstrong, Alvin Weintrub, Paul B. Parker, Naftali Frankel, Leo Mirkis, Robert Betagole, and Robert Litwin.

When plaintiff commenced its action, all of the above named were made parties defendant, excepting Robert Litwin who was then deceased. At the time of trial, Max Litwin was deceased and the above named Jacob A. Litwin and Boris Litwin were executors of his estate.

Kaplan was requested by Robert Litwin to execute his deed to Litwin Realty. The deed was executed in the office of Litwin Realty and Robert Litwin was present. Litwin Realty was represented by the law firm of Goldman, Cole and Putnick and Marvin Kraus. A member of that firm prepared the deed. The deed was recorded on February 10, 1965 by a member of that law firm. After recording, the deed was returned to that firm and, except for the time the deed was in the recorder's office, the deed was in the possession of the law firm. Donald Kaplan did not read the deed he executed to Litwin Realty, and had no conversation with Robert Litwin with respect to its contents. He never saw the deed after he and his wife executed it. The Kaplans made no payments to plaintiff on its loan, collect-

ed no rents and exercised no control whatsoever over the property, at any time.

Litwin Realty had the management and control of the property and received all rents and the partners of Litwin Realty individually paid federal income tax on rents received from the property and took depreciation on the buildings thereon for the years 1964 to 1968.

The evidence shows some sort of a working arrangement between Steven Construction, Inc., and Litwin Realty, whereby some loans were obtained through nominees to be used by Steven to construct buildings to be sold to Litwin Realty, an investment partnership.

Plaintiff proceeded in this case on its amended complaint to recover a judgment against the Kaplans for the balance due on their note and to foreclose its mortgage. Plaintiff also seeks judgment against Litwin Realty and the partners individually based upon the assumption agreement contained in their deed from the Kaplans.

In their answer, the Kaplans admit the execution and delivery of the note and mortgage and the execution of the deed to Litwin Realty. They deny all other allegations of the complaint.

In a cross-claim, the Kaplans allege that Litwin Realty assumed and agreed to pay their mortgage, but has failed to keep such agreement.

The Kaplans pray that the complaint be dismissed or, in the alternative, for a judgment against Litwin Realty for whatever amount they may be required to pay plaintiff on its note and mortgage.

The individual partners of Litwin Realty filed an answer denying the execution of the note and mortgage, for want of knowledge, and allege that plaintiff entered into a certain release agreement in May, 1968, with Steven Construction, Inc., which released certain parties from liability on certain mortgage notes and that the Forest Ave. property should have been included therein but, through mutual mistake, it was omitted. The answering partners prayed for a reformation of the release agreement to include the property.

Plaintiff filed a reply, denying the defensive allegations of the answer of the partners.

With respect to the liability of the Kaplans on their note and mortgage to plaintiff, the common pleas court made the following findings and order:

"The Court further finds that Donald Kaplan and Kathie Kaplan executed a deed to said property dated July 24, 1964 to defendant, Litwin Realty; that said defendants, Donald Kaplan and Kathie Kaplan were not the owners of said property at the time the release agreement between Steven Realty and the Plaintiff was entered into (1968), and therefore could not have given a warranty deed to the Plaintiff for the same, that they were nominees of Steven Realty Company and are released from any obligation under the note and mortgage to the Plaintiff."

With respect to the issue of the liability of Litwin Realty, a partnership, and of the above named partners of Litwin Realty individually, the court made these findings and conclusions:

"The Court further finds that the assumption agreement in the deed from Donald Kaplan and Kathie Kaplan to Litwin Realty is not binding upon the grantee, or the partners thereof, for the reason that the deed in which it is contained bears a date prior to the date of the note and mortgage, and that it does not contain an amount and does not specify the mortgage referred to."

The court also found that:

"there is due the Plaintiff upon the note and mortgage set forth in Plaintiff's petition the sum of $59,562.63 with interest from November 3, 1970, and that the note and mortgage are in default and that Plaintiff is entitled to foreclose said mortgage."

The court then dismissed, from the action, the Kaplans, Litwin Realty, Jacob A. Litwin, Boris Litwin, individually and as executors of the estate of Max Litwin and the other living partners above named. The court also dismissed the cross-claim of the Kaplans.

Plaintiff has appealed from the judgment, assigning the following errors:

"1. The judgment is against the weight of the evidence and is contrary to law;

"2. Error of the Court in admitting evidence objected to by Plaintiff-Appellant, and refusal to admit evidence objected to by Defendant-Appellee;

"3. Other errors apparent upon the face of the record."

The Kaplans have appealed from the judgment releasing Litwin Realty and the individual partners from liability to them by reason of Litwin Realty's assumption agreement and dismissing their cross-claim.

We will consider first the errors assigned by plaintiff. Plaintiff has not pointed out, in its brief, any specific errors, and this court will not search the record for any possible errors.

First, we will consider plaintiff's contention that the judgment releasing the Kaplans from liability to it, on their note, is erroneous.

The Kaplans signed the note as individuals. Nowhere in the instrument is there any language to indicate that they were signing it as an agent or nominee for another.

The trial court erred to the prejudice of plaintiff in releasing the Kaplans because, as it reasoned, they were nominees of Steven Construction, Inc. (Aka Steven Realty). Upon the undisputed facts with reference to this issue, the Kaplans are liable to plaintiff as a matter of law for the balance shown to be due on its note in the sum of $59,562.13, with interest at the rate of 6½ percent per annum from November 3, 1970. R. C. 1303.39(B)(1) provides that an authorized representative who signs his own name to an instrument is personally obligated if the instrument neither names the person represented, nor shows that the representative signed in a representative capacity. The undisputed evidence shows that the Kaplans signed the note and mortgage as individuals and not as representatives of another.

The judgment of the Court of Common Pleas releasing them from any obligation to plaintiff is reversed.

Next, we will consider plaintiff's contention that the

judgment releasing Litwin Realty, the individual partners of Litwin Realty, and the executors of the estate of Max Litwin, deceased, a former partner, is manifestly against the weight of the evidence and contrary to law.

We have noted that the Court of Common Pleas held in its judgment entry that Litwin Realty, a partnership, and the individual partners of Litwin Realty are not liable to plaintiff on the assumption agreement contained in Kaplan's deed to Litwin Realty because that deed was dated prior to the date when the Kaplans executed their note to plaintiff, and because the assumption agreement does not specify the note referred to or its amount.

The partners argue that no agreement was shown between Litwin Realty and the Kaplans whereby Litwin Realty was to assume and agree to pay the note and mortgage. They cite R. C. 1303.37, which provides in subdivision "A" that no person is liable on an instrument unless his name appears thereon. Plaintiff is not seeking a recovery from the partnership or from the individual partners on the note. It is seeking a judgment on the assumption agreement of Litwin Realty contained in their deed from Kaplan.

The partners also cite the case of *The Cleveland Trust Co.* v. *Elbrecht* (1940), 137 Ohio St. 358, which holds, in its syllabus:

"1. A mortgagee or his assignee may maintain an action for the amount due on a mortgage indebtedness against a grantee who by the terms of a deed of conveyance from the mortgagor assumes and agrees to pay the mortgage.

"2. The consideration passing from the grantee to the grantor is sufficient to support the agreement of assumption.

"3. A deed poll delivered to and accepted by the grantee binds him as effectually as a deed *inter partes.*

"4. A recital in an instrument of conveyance by which the grantee obligates himself to pay a mortgage debt on the premises conveyed is a contract in writing within the meaning of Section 11221, General Code, and suit may be

brought thereon by the creditor-beneficiary within fifteen years after the accrual of the cause of action."

At 362, the court said:

"The consideration supporting the deed by which the transfer is effectuated is a sufficient *quid pro quo* to support the assumption agreement in favor of the creditor-beneficiary. It is, moreover, inconsequential that the agreement is evidenced by a deed poll, as in the instant case, for the acceptance of the deed binds the grantee as effectually as if the deed were an indenture or contract *inter partes.* * * * The promise relates only to existing indebtedness and is the direct primary obligation of the grantee.
"* * *

"The only conclusion warranted by the authorities is that the action by the creditor-beneficiary is founded on the contract between the grantor and grantee. In the case at bar the only contract there is to support the judgments is that written in the deed."

We see no merit in the partners' contention that there has been no agreement shown between Kaplan and Litwin Realty whereby Litwin Realty assumed the mortgage because, as they reason Kaplan testified that he had no conversation with Robert Litwin about the assumption when the deed was executed. The deed standing alone is sufficient evidence of such agreement, as was held in the *Cleveland Trust* case. The testimony of Kaplan cannot change the legal effect of his deed. 17 Ohio Jurisprudence 2d 267, 268, Deeds, Sections 136, 138. The deed and agreement became operative when Litwin Realty recorded the deed on February 10, 1965.

A more complicated question arises by reason of the facts that the mortgage assumed was executed on July 29, 1964, and Kaplan's deed to Litwin Realty containing the assumption agreement was dated July 24, 1964.

The Court of Common Pleas held that the assumption agreement was not binding upon Litwin Realty because that deed bears a date prior to the date of the mortgage and because the language of the assumption agreement is indefinite. The Supreme Court, in the *Cleveland*

*Trust* case, at 362, said that: "The promise relates only to existing indebtedness."

There is a presumption that Kaplan's deed to Litwin Realty was executed and delivered with intent to pass title on the date it bears, July 24, 1964, but such presumption is rebuttable. 17 Ohio Jurisprudence 2d 234, Deeds, Section 133.

There is a presumption that one acts honestly and in a legal manner. 21 Ohio Jurisprudence 2d 147, 149, Evidence, Sections 137, 140. In 21 Ohio Jurisprudence 2d 111, Evidence, Section 105, it is said:

"Frequently the same facts give rise to two conflicting presumptions, in which situation one presumption must give way. One means of determining which must give way is to measure their strength, and allow the weaker one to be overcome by the stronger, each case, of course, being controlled by its own facts. * * * And where two conceptions of a transaction are possible, one suggesting fraud and the other an honest purpose, the latter will be given effect."

So that we have here a presumption that Kaplan executed and delivered a deed to Litwin Realty on July 24, 1964, with intent to pass title on that date, resulting in the assumption of a mortgage by Litwin Realty which was not then an existing obligation, and we have a conflicting presumption that Kaplan had title to the property on July 29, 1964, when he executed the mortgage therein asserting that he was then the true and lawful owner of the property.

It cannot be presumed that Kaplan executed and delivered his deed of July 24, 1964, to Litwin Realty with intention to pass title on that date; that Litwin Realty accepted the deed on that date; and that Kaplan falsely represented to plaintiff, on July 29, 1964, that he was the true and lawful owner of the property on the latter date. Rather, it must be presumed from the same totality of facts (including the fact shown by direct evidence that the deed from Kaplan to Litwin Realty indicates that Litwin Realty intended to assume and agree to pay the mortgage to

plaintiff) that the deed from Kaplan to Litwin Realty was intended to become operative after the note and mortgage were executed on July 29, 1964, and after Kaplan's deed from Steven Construction, Inc., was recorded on July 29, 1964, a date on which the mortgage indebtedness was an existing obligation.

The only evidence bearing upon the question of when Kaplan's deed to Litwin Realty was to become operative is the presumption that it was executed and delivered with the intent to pass title on July 24, 1964, and this presumption is rebutted as we have stated. In order for that deed to have any operative effect, it must have been delivered and accepted by Litwin Realty. The only evidence on that point other than the presumption, including that of delivery, which was required to give way is evidence that Litwin Realty presented it for recording on February 10, 1965. The recording of the deed by Litwin Realty is prima facie evidence of its delivery and acceptance on that date. There is no evidence to show the contrary. The mortgage was recorded on July 30, 1964.

The judgment entry of the trial court finds that there is due and owing to plaintiff on the note and mortgage set forth in the complaint, the sum of $59,562.63, with interest from November 3, 1970; that the note and mortgage are in default and that plaintiff is entitled to foreclose the mortgage. The court, then, must have found that Kaplan held title to the property when he executed his note and mortgage to the plaintiff.

In their cross-claim, the Kaplans seek a judgment against Litwin Realty and the individual partners thereof in the amount the Kaplans may be required to pay by reason of this proceeding. They base their claim upon the "assumption agreement" of Litwin Realty set forth in their deed to Litwin Realty.

Any cause of action the Kaplans may have against Litwin Realty for indemnity accrues at the time the Kaplans pay the mortgage obligation which Litwin Realty agreed to pay. 37 Ohio Jurisprudence 2d 393, Mortgages, Section 208.

The judgment of the trial court dismissing the Kaplans' cross-claim will be affirmed.

In *The State, ex rel. Squire, Supt. of Banks,* v. *City of Cleveland* (1948), 150 Ohio St. 303, the court, in the seventh paragraph of the syllabus, held that where all the material evidence permits but one rational inference and reasonable minds cannot differ as to the effect thereof, the issue in such an instance is one of law for the trial court, the court of appeals and the Supreme Court.

The material facts in this case shown by undisputed evidence are such as to permit but one rational inference upon which reasonable minds cannot differ, that is, that Litwin Realty entered into a valid and binding agreement in its deed from Kaplan to assume and agree to pay Kaplans' mortgage obligation to Government Savings and Loan Co. and that Government Savings and Loan Company is entitled as a matter of law to judgment against Litwin Realty and the partners of Litwin Realty individually and as partners for the amount found by the court to be due Government Savings on its claim.

The judgment of the Court of Common Pleas absolving Litwin Realty and its partners individually and as partners from liability to Government Savings on its note and mortgage will be reversed because it is contrary to law. The trial court correctly determined against the partners on their claim that Government Savings released this property from its mortgage by virtue of its agreement with Steven Construction, Inc., in 1968. We find no merit in the partners' claim that the language of the assumption agreement is indefinite.

Having reversed the judgment of the Court of Common Pleas as hereinbefore specified, this court will remand this cause to that court and will instruct that court to render judgment in favor of Government Savings and Loan Company on its note and mortgage against Donald Kaplan and Kathie Kaplan in the sum of $59,562.13 with interest thereon at the rate of 6½ percent per annum from November 3, 1970.

This court will further instruct the Court of Common

Pleas to render judgment in favor of Government Savings and Loan Company in the sum of $59,562.13, together with interest thereon at the rate of 6½ percent per annum from November 3, 1970, and for the costs of this action, against Litwin Realty, a partnership, Jacob A. Litwin, Boris Litwin, Sanford Armstrong, Alvin Weintrub, Paul B. Parker, Naftali Frankel, Leo Mirkis and Robert Betagole, individually and as partners in Litwin Realty, and against Jacob A. Litwin and Boris Litwin, executors of the estate of Max Litwin, deceased, partners of Litwin Realty, upon the assumption agreement of Litwin Realty in its deed from Kaplan.

The trial court is further instructed to proceed with the foreclosure of the mortgage in the manner provided by law.

*Judgment reversed and cause remanded.*

YOUNG, P. J. and KERNS, J., concur.

SHERER and KERNS, JJ., of the Second Appellate District sitting by designation in the First Appellate District.