[Cite as *Merchants Natl. Bank v. Overstake*, 2012-Ohio-6309.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

MERCHANTS NATIONAL BANK ,          :

    Plaintiff-Appellant,                               :          Case No.   11CA18

    vs.                                                            :

BRANDON TODD OVERSTAKE, et al., :


    Defendants-Appellees.                        :

DECISION AND JUDGMENT ENTRY
_____

APPEARANCES:

COUNSEL FOR APPELLANT:          Luther L. Liggett, Jr., Heather Logan Melick and Jeffrey J.
                                                           Hanneken, Luper, Neidenthal & Logan, 50 West Broad
                                                           Street, Ste. 1200, Columbus, Ohio 43215-3374


COUNSEL FOR APPELLEE,          Thomas B. Bruns, and Kevin R. Whitmer,
FORREST LITTLE:                        Freund, Freeze & Arnold, Fourth and
                                                     Walnut Center, 105 East Fourth Street, Ste. 1400,
                                                     Cincinnati, Ohio 45202-4006

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-31-12

PER CURIAM.

{¶ 1}   This is an appeal from a Highland County Common Pleas Court judgment that

directed a verdict in favor of Forrest Little, defendant below and appellee herein, on the claim

brought against him by Merchant's National Bank (Merchant's Bank), plaintiff below and

appellant herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY MAKING A FACT DETERMINATION AND BY REMOVING THE CASE FROM THE JURY."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY FAILING TO ALLOW THE AMENDMENT OF THE COMPLAINT OR PLEADINGS TO CONFORM TO THE EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT APPLYING UCC NOTICE REQUIREMENTS TO ITS FACT DETERMINATION."

{¶ 3}   James Earl Overstake and his business, Overstake Farm Drainage, Inc. (OFD), were customers of Merchant's Bank.   That relationship continued after his death, although the bank then dealt with the Overstake children - Scott, Brandon and Kay.[1]

{¶ 4}   On April 17, 2009, Scott, Brandon and Kay all executed a $311,143.27 promissory note to Merchant's Bank, with eight and a half (8½) percent interest, due and owing later that same year.   Scott and Brandon also executed a "Commercial Security Agreement" and pledged the collateral of OFD as security for that loan.[2]   Later a "UCC Financing Statement" was filed with the Secretary of State thereby perfecting the bank's security interest in the equipment that OFD had pledged as loan collateral.

{¶ 5}   Merchant's Bank understood that OFD intended to auction some equipment to pay

---

[1] The record is not clear about precisely when Jim Overstake passed away.   The complaint identifies Brown County Probate Court case number 20081170, which suggests that his death may have occurred in 2008.

[2] Scott Overstake was denoted as president of OFD and Brandon as vice-president.   Kay Overstake was apparently the executrix of her father's estate.

down the loan.   Apparently, Brandon Overstake contacted Little to gauge his interest in purchasing a Case 580 Super L backhoe.   On June 18, 2009, Little purchased the backhoe for $17,500 and drafted two checks in payment of that amount: (1) a $10,000 check payable to OFD; and (2) a $7,500 check payable to Ashley Kirker.   Kirker, it appears, was Brandon Overstake's girlfriend.[3]   Shortly thereafter, Little sold the backhoe for $29,000.

**{¶ 6}**   Merchant's Bank commenced the instant action on November 5, 2009 and alleged that Little and Overstake engaged in these transactions with purpose to defraud.   The bank requested, inter alia, $17,500 in compensatory damages, in addition to punitive damages and attorney fees.

**{¶ 7}**   Little denied liability and raised a number of defenses.

**{¶ 8}**      Brandon Overstake did not enter an appearance in the case and, on June 8, 2011, the trial court granted a default judgment against him that awarded Merchant's Bank $17,500 for compensatory damages, $20,000 in punitive damages and $22,552 in attorney fees.[4]

**{¶ 9}**   The matter proceeded to a jury trial and, at the conclusion of Merchant's Bank's case, appellee requested a directed verdict.   The trial court granted the motion.   This appeal followed.

I

---

[3]   These checks were drawn on the account of appellee's business, "Little's Farm Supply."

[4]   Although it is unclear why Brandon Overstake failed to enter an appearance at the outset of this case, evidence adduced during the trial court proceedings indicates that in 2011 the Brown County Court of Common Pleas sentenced him to prison for breaking and entering, as well as passing bad checks.

{¶ 10} In its first assignment of error, appellant (Merchant's Bank) asserts that the trial court erred by granting a directed verdict in favor of Little.   At the outset, we note that a motion for directed verdict presents a question of law that we review *de novo*.   Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co., 95 Ohio St.3d 512, 769 N.E.2d 835, 2002–Ohio–2842, at ¶4.   In resolving such motion, trial courts must construe all evidence in favor of the non-moving party and may only grant a directed verdict if reasonable minds could come to one conclusion, and that conclusion is against the non-moving party.   Ohio Power Co. v. Ogle, 4th Dist. Nos. 09CA1 & 09AP1, 2009-Ohio-5953, ¶¶17-20; Mynes v. Brooks, 4th Dist. No. 08CA3211, 2009-Ohio-5017, at ¶¶53-55.

{¶ 11} After our review of the evidence adduced at trial, we agree with the trial court that a directed verdict was appropriate. Appellant's complaint alleged that Overstake and Little fraudulently transferred the backhoe in violation of its security interest.   It is important to note, however, that the claims against each defendant are slightly different.   Although not expressly cited in the complaint, the claim against Overstake is based on R.C. 1336.04(A).   The claim against Little, by contrast, is that he purchased the backhoe "with intent on his part to assist" (emphasis added) Overstake in the fraudulent transfer.   In short, appellant's claim against Little is akin to a civil conspiracy to commit a fraudulent transfer.   We agree with the trial court that no evidence was adduced to establish that Little had actual intent to defraud Merchant's Bank.

{¶ 12} Little testified that although he was aware of the UCC requirements under Ohio law, he took Brandon Overstake at his word that no liens existed against the equipment when he purchased the backhoe.   Although this admission may show many things, not the least of which is arguable negligence on Little's part, we agree with the trial court that neither Little's

testimony, nor any other evidence adduced at trial, supports a claim that Little engaged in a civil conspiracy to defraud the bank.

{¶ 13} The tort of "civil conspiracy" can be defined as a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages. See *Williams v. Aetna Finance Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998); *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995).   The malice that must be involved is that state of mind under which a person commits a wrongful act purposely, without reasonable or lawful excuse, to the injury of another. *Porter v. Saez*, 10th Dist. No. 03AP-1026, 2004-Ohio-2498, at ¶75.

{¶ 14} In the end, we agree with the trial court that in the case sub judice, insufficient evidence was adduced for the jury to consider.   Again, nothing in Little's testimony indicates that he and Brandon Overstake entered into a "malicious combination," or that Little acted purposely to injure appellant.   Thus, we find no error in the trial court's directed verdict and we hereby overrule appellant's first assignment of error.

II

{¶ 15} In its second assignment of error, Merchant's Bank asserts that the trial court should have afforded it an opportunity to amend its complaint.

{¶ 16} Our review of the record reveals that on May 4, 2011, appellant filed a written motion to amend its complaint in order to add additional claims against Little that appear to set forth: (1) counts for conversion of the backhoe, (2) negligence for failing to search the UCC financing statements, and (3) unjust enrichment.   The trial court did not rule on the written

motion, and this inaction constitutes a denial of the motion.[5]   Appellant argues that this

constitutes reversible error.   For the following reasons, we agree with appellant.[6]

{¶ 17} Civ.R. 15(A) provides that a complaint can be amended as a matter of right at any

time before a responsive pleading is filed, and thereafter by leave of court.   Leave of court to file

an amendment must be "freely given when justice so requires." (Emphasis added) Id.   A

decision to grant or deny an amendment is generally within a trial court's discretion. See Natl.

City Mtge. v. Piccirilli, 7th Dist. No. 08MA230, 2011-Ohio-4312, at ¶15; Key Bank Natl. Assoc.

v. Bolin, 5th Dist. No. 2010 CA00285, 2011-Ohio-4532, at ¶20.   Swank v. Swank, 5th Dist. No.

2011CA8, 2011-Ohio-6920, at ¶125; Kilko v. Haverfield, 8th Dist. App. No. 94920,

2010-Ohio-6364, at ¶11.   Generally an abuse of discretion is more than an error of law or

judgment; rather, it implies that a court's attitude is unreasonable, arbitrary, or unconscionable.

Landis v. Grange Mut. Ins. Co., 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); Malone v.

Courtyard by Marriott L.P., 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996).

{¶ 18} We readily acknowledge that when applying the abuse of discretion standard,

reviewing courts may not simply substitute their judgment for the trial courts.   State ex rel.

Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995).

Nevertheless, for the following reasons we conclude that in this situation the trial court should

---

[5] See In re Lewis, 4th Dist. Nos. 96CA1760 & 96CA1763, 1997 WL 217573 (Apr. 30, 1997); State v. Rozell, 4th Dist. No. 95CA17, 1996 WL 344034 (Jun. 20, 1996); State v. Kennedy, Fourth Dist. No. 95CA1657, 1995 WL 580858 (Oct. 2, 1995).

[6] A Civ.R. 15(B) motion to amend the complaint to conform with the evidence was made at the conclusion of Merchants Bank's case.   The trial court expressly denied the motion.   This issue is also raised in the second assignment of error.   However, we need not, and do not, address it in light of our belief that the assignment or error can be resolved as set forth above.

have provided appellant the opportunity to amend its complaint.   We are guided by the concepts

that (1) leave to file an amended complaint should be freely given when "justice so requires," and

(2) the Ohio Supreme Court's admonition that cases should be decided on their merits when

possible, rather than pleading technicalities. See e.g. State ex rel. Montgomery v. R & D Chem.

Co., 72 Ohio St.3d 202, 204, 648 N.E.2d 821 (1995); Perotti v. Ferguson, 7 Ohio St.3d 1, 3, 454

N.E.2d 951 (1983); Peterson v. Teodosio, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973).

{¶ 19}  In the case sub judice, although the trial court correctly rejected the fraud claim,

we note that the court also seemed to indicate that some merit may exist to the bank's claim:

> "Uh, while this Court believes that Mr Little should have checked to see if there
> was a lien on the property it can be done very simply by going to the Secretary of
> State's , uh, on-line to check and see if there is a lien on the property, uh, while he
> probably should have done that, uh . . . * * * I don't understand the theory that
> somebody can be liable for fraud and punitive damages just because he's a
> transferee of property on which a lien is present."

{¶ 20}  Again, we generally agree with the trial court's sentiment if, in fact, appellant is

restricted to the fraud claim set forth in its initial pleading.   However, as the first portion of the

comment suggests, valid claims other than fraud may indeed exist against the appellee.

{¶ 21}  Although Little opposed appellant's request to amend the complaint and argued

that appellant did not have "any evidence to support the very claims it wishes to add," we believe

that this issue is best left for the jury to decide, particularly in light of the fact that Little did not

claim that the amended complaint prejudiced him.   Indeed, Little should have recognized from

the initial complaint that it is alleged that he purchased the backhoe, even though encumbered by

a properly perfected security interest.   Thus, we do not understand how the complaint's

amendment could have prejudiced Little.

{¶ 22} Moreover, the evidence adduced at trial indicates that appellant had some evidence of valid claims to place in front of the jury. Little testified that (1) he had been in the business of buying and selling farm machinery for a number of years; (2) he was aware of the UCC requirements, but he did not search the Secretary of State records; and (3) he admitted that he simply accepted Brandon Overstake's representation that the backhoe was free and clear of any security interest. Also, Little was, in fact, the last person who could have exercised due-diligence and made sure that this transaction did not violate any creditor's security interest.

{¶ 23} Accordingly, in light of Civ.R. 15(A)'s instruction that leave to amend should be freely granted when justice so requires, as well as the Ohio Supreme Court's directive that cases should be decided on their merits, we believe that the trial court should have permitted the amendment of the complaint.

{¶ 24} Thus, based upon the foregoing reasons, we hereby sustain appellant's second assignment of error.

### III

{¶ 25} Having sustained Merchant Bank's second assignment of error, its third assignment of error has been rendered moot and will be disregarded. See App.R. 12(A)(1)(c).

{¶ 26} Accordingly, based upon the foregoing reasons, we hereby reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CASE
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH
THIS OPINION.

## JUDGMENT ENTRY

It is ordered the judgment be reversed and that this case be remanded for further proceedings consistent with this opinion.    Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Kline, J.: Concur in Judgment & Opinion
McFarland, J.: Concurs in Judgment Only

For the Court

BY:_____
      Peter B. Abele
                        Presiding Judge

BY:_____
      Roger L. Kline, Judge

BY:_____
      Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.