[Cite as *Fifth Third Mtge. Co. v. Perry*, 2013-Ohio-3308.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 12CA13 |
| v. | : | |
| | | <u>DECISION AND</u> |
| KENNETH L. PERRY, ET AL., | : | <u>JUDGMENT ENTRY</u> |
| Defendants-Appellants. | : | RELEASED 07/24/2013 |

<u>APPEARANCES:</u>

James P. Connors, Law Offices of James P. Connors, Columbus, Ohio, for Appellant, Kenneth L. Perry.

Stacy A. Cole and Harry W. Cappel, Graydon Head & Ritchey LLP, Cincinnati, Ohio, for Appellee.

Hoover, J.

I

FACTS

{¶ 1}  Kenneth L. Perry appeals from three entries of the Pickaway County Common Pleas Court, which granted summary judgment in favor of Fifth Third Mortgage Company ("Fifth Third Mortgage") on its foreclosure complaint and motion for summary judgment; and entered summary judgment in favor of Fifth Third Mortgage and Fifth Third Bank on Perry's counterclaims/new-party claims and cross motion for summary judgment.

{¶ 2}  On July 15, 2004, Richard A. Perry and Audrey M. Perry, appellant's parents, executed a promissory note in favor of The Equitable Mortgage Corporation in the principal

amount of $77,650.00. The note was secured by a mortgage on the property located at 9438 U.S. Route 62 in Orient, OH (the "property"). Shortly, thereafter, the note and mortgage were assigned to Fifth Third Mortgage.

{¶ 3} On June 4, 2005, Audrey M. Perry died and her interest in the property was transferred to Richard A. Perry by Warranty Deed dated July 27, 1988. In February 2008, Richard Perry entered into a Loan Modification Agreement (the "loan modification") with Fifth Third Mortgage, which increased the principal balance on the promissory note to $86,882.96.

{¶ 4} On October 9, 2009, Richard Perry passed away. A short time later appellant, Kenneth Perry, took title to the property by a transfer on death deed. Both parties agree that while appellant is the current titleholder of the property, he never assumed the note, loan modification, or mortgage by any written agreement. According to the record, no probate estate was opened following Richard Perry's death.

{¶ 5} From here, the parties' portrayal of the facts varies significantly.

{¶ 6} According to appellant,[1] following his father's death he continued to make payments on the debt, but eventually fell behind on the obligations. Once the debt became delinquent, appellant contends that Fifth Third began to threaten legal action.

{¶ 7} In late June 2010, appellant says that Fifth Third contacted him regarding a residential loan assistance program that was being offered from a branch office in Grove City, Ohio. Appellant purportedly accepted the invitation, and in July 2010 he allegedly met with a Fifth Third loan officer named "Kathy." At the meeting, appellant contends that he reached an

---

[1] Appellant's representation of the events is derived from his affidavit and accompanying documents, which was filed along with his memorandum contra to summary judgment, and cross-motion for summary judgment.

oral agreement with Fifth Third, under which Fifth Third would withhold from foreclosing the mortgage conveyed by his father, if he would pay a lump sum of $5,000.00 and agree to a modified payment plan on his father's debt.[2]

{¶ 8} According to appellant, he paid the $5,000.00 at the July 2010 meeting and was told by "Kathy" that an accounting and new loan payment coupon book would be sent to him in several months; and that once he received the coupon payment book he should resume payments. Appellant was allegedly told that the delay in time was due to the popularity of the program.

{¶ 9} Appellant claims that the new loan payment book arrived in November 2010. Appellant made his first payment of $1,114.72 pursuant to the new coupon book on November 18, 2010, well in advance of the December 1 due date. Unbeknownst to appellant, however, Fifth Third Mortgage had filed its foreclosure complaint two days earlier, on November 16, 2010. Fifth Third returned the November 18 payment to appellant. Appellant attempted to make a second payment which was due on January 1, 2011, but Fifth Third again refused payment.

{¶ 10} Appellant contends that he never received an accounting and never received any notices, warnings, or other written materials between the July 2010 meeting and receipt of the payment coupon book in November 2010.

{¶ 11} Naturally, the Fifth Third entities convey a significantly different version of the facts.

---

[2] Under the new payment plan purportedly reached by the parties, appellant claims that the exact monthly amount due was undetermined, but that it was to increase significantly from the $830.00 per month that was currently due.

{¶ 12} The Fifth Third entities, appellees in the instant case, claim that following the death of his father, appellant held himself out as the executor of the Richard Perry estate.[3] Appellees claim that after the loan payments fell behind, appellant contacted them about catching up on the debt. According to appellees, on or about June 10, 2010, appellant discussed the loan with Fifth Third Mortgage and agreed to pay $5,000.00 by June 30, 2010, and an additional $4,143.92 in July, 2010 to bring the account current.[4] It appears that in exchange for the payments, Fifth Third agreed to send a forbearance proposal. To that end, appellees contend that they sent a proposed forbearance agreement on June 14, 2010, addressed to the Estate of Richard A. Perry, permitting a single monthly payment to be skipped. The forbearance proposal was never signed or returned. Appellees deny that any other forbearance proposals were discussed, and deny ever entering any agreement or making any representation, in writing or otherwise, to modify the loan.

{¶ 13} Appellees agree that a payment of $5,000.00 posted to the loan account on July 15, 2010, but contend that the payment covered the existing loan payments and fees through June 2010. Fifth Third also agrees that the next payment received from appellant was on November 18, 2010, after Fifth Third Mortgage had instituted the foreclosure action. Appellees also agree that it returned the November payment. Appellees allege, however, that they sent numerous letters of default to the Richard Perry Estate beginning in August of 2010; to the same address that the coupon book was sent.

---

[3] Appellees version of the facts is derived from the affidavits of four of its employees, and authenticated copies of the loan and mortgage documents, that were filed along with their motion for summary judgment.

[4] It is unclear from the record whether this purported discussion took place in person, by telephone, or by some other means.

{¶ 14}  Besides the issue of default on the note and mortgage instruments, a dispute also exists surrounding the payment of insurance proceeds under a homeowners insurance policy covering the property.

{¶ 15}  Around February and March 2011, appellant made property damage claims under the policy.  The insurance company issued two checks, one in the amount of $1,729.27, and the second in the amount of $5,270.00; each check was made payable to the Estate of Richard Perry[5] as well as Fifth Third Bancorp.

{¶ 16}  Appellant alleges that Fifth Third somehow intercepted the checks and endorsed or negotiated the checks without his authority or consent.  The Fifth Third entities contend that as a result of being listed as a payee under the policy, they received the checks directly from the insurance company.

{¶ 17}  Appellees contend that Fifth Third Mortgage used the insurance proceeds to pay subcontractors who performed the repair work on the property, and to pay other miscellaneous fees so that the entire proceeds were accounted for.  In particular, appellees allege that on March 29, 2011, Fifth Third Mortgage issued a check to a subcontractor in the amount of $3,489.64.  Approximately two weeks later, appellees allege that an additional check was issued to another subcontractor in the amount of $3,410.36.  Out of the remaining $99.27 balance, appellees assert that $30.77 was deducted for inspection, and that two $10.00 fees were deducted to cover the expense of mailing the subcontractor checks by overnight mail.  Finally, appellees allege that the remaining $48.50 in insurance proceeds was paid by check to the Estate of Richard Perry.

---

[5] Again the record is devoid of any evidence indicating that a probate estate was ever opened following Richard Perry's death.  Appellant's merit brief seems to indicate that an estate has not been opened.  It is unknown why the insurance checks were made payable to the Estate of Richard Perry.

II

PROCEDURAL POSTURE

{¶ 18}  On November 16, 2010, Fifth Third Mortgage filed its Complaint in Foreclosure with the Pickaway County Common Pleas Court.  Named as defendants were Kenneth L. Perry; Jane Doe, Unknown Spouse of Kenneth L. Perry; and Kemba Columbus Credit Union. Ultimately Fifth Third Mortgage sought, and the trial court granted, an order adding the Pickaway County Treasurer as a party defendant.

{¶ 19}  On March 21, 2011, appellant filed an Answer, Counterclaims, and New party Claims.  Appellant brought counterclaims and new-party claims against Fifth Third Mortgage and new-party defendant Fifth Third Bank for breach of contract, conversion, civil conspiracy, abuse of process, fraud, negligent misrepresentation, and violations of the Ohio Consumer Sales Practices Act.

{¶ 20}  After responding to the counterclaims and new-party claims, on August 19, 2011, appellees filed their Motion for Summary Judgment seeking judgment on Fifth Third Mortgage's foreclosure claim and on appellant's counterclaims and new party claims.  Appellant filed his Memorandum Contra, along with his own Cross-Motion for Summary Judgment on September 21, 2011.  In his Cross-Motion for Summary Judgment, appellant sought judgment on his counterclaims and new-party claims, as well as the foreclosure claim asserted by Fifth Third Mortgage.  Both motions were fully briefed by October 17, 2011.

{¶ 21}  On November 17, 2011, appellant served discovery requests on both of the Fifth Third entities.  After initially seeking an extension of time in which to respond to the discovery,

until after the summary judgment motions were determined; appellees did eventually respond to the discovery requests.

{¶ 22} Appellant was not satisfied with the responses and sought additional information and supplement to the responses. After attempts to resolve the discovery issues proved unsuccessful, appellees filed a Motion for Protective Order and for Stay of Discovery on January 10, 2012. Appellant responded with a Motion to Compel on January 18, 2012. Both motions were fully briefed by February 21, 2012.

{¶ 23} Meanwhile, the trial court granted appellees' Motion for Summary Judgment and denied appellant's Cross Motion for Summary Judgment by an order dated January 3, 2012 ("Summary Judgment Order"). Inexplicably, however, it appears that the trial court failed to serve the Summary Judgment Order on the parties. The Summary Judgment Order specifically found that Fifth Third Mortgage was entitled to summary judgment on its foreclosure claim and that the appellees were entitled to summary judgment on appellant's counterclaims and new party claims. The Summary Judgment Order further directed counsel for Fifth Third Mortgage to submit a foreclosure decree, to be entered by separate order.

{¶ 24} On February 22, 2012, the trial court filed another order granting appellees' Motion for Protective Order and Stay of Discovery ("Protective Order"). Apparently, the trial court again failed to serve the Protective Order on the parties.

{¶ 25} In late April 2012, counsel for appellees was notified by the trial court that the Summary Judgment Order and Protective Order had been entered. Appellees then circulated a proposed foreclosure decree to the interested parties and submitted the proposed foreclosure

decree to the trial court.  Ultimately, the final foreclosure decree was entered on May 17, 2012 ("Foreclosure Decree").

{¶ 26}  Appellant appeals from: (1) the trial court's January 3, 2012, Summary Judgment Order granting appellees' summary judgment motion and denying appellant's cross-motion for summary judgment; (2) the trial court's February 22, 2012, Protective Order; and (3) the trial court's May 17, 2012, Foreclosure Decree.

{¶ 27}  The parties have stipulated to a stay of the execution and enforcement of the Foreclosure Decree pending completion of this appeal.

{¶ 28}  Appellant raises the following assignments of error for review.

First Assignment of Error:

> THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO
> APPELLEES FIFTH THIRD MORTGAGE COMPANY AND FIFTH THIRD
> BANK IN AN ORDER FILED JANUARY 3, 2012.

Second Assignment of Error:

> THE TRIAL COURT ERRED BY DENYING SUMMARY JUDGMENT TO
> KENNETH L. PERRY IN AN ORDER FILED JANUARY 3, 2012.

Third Assignment of Error:

> THE TRIAL COURT ERRED BY GRANTING AN ORDER FOR A
> PROTECTIVE ORDER AND STAY OF DISCOVERY TO FIFTH THIRD

MORTGAGE COMPANY AND FIFTH THIRD BANK IN AN ORDER FILED

FEBRUARY 22, 2012.

Fourth Assignment of Error:

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AND

A DECREE IN FORECLOSURE TO FIFTH THIRD MORTGAGE COMPANY

AND FIFTH THIRD BANK, AND IN DENYING SUMMARY JUDGMENT TO

KENNETH L. PERRY, IN A JUDGMENT ENTRY FILED MAY 17, 2012.

III

THE SUMMARY JUDGMENT DISPUTE

{¶ 29}  The issues raised by appellant's first, second, and fourth assignments of error are so interrelated that this court chooses to address them together.  In essence, appellant contends that the trial court erred when it granted summary judgment in favor of Fifth Third Mortgage on its foreclosure action; and in favor of appellees on appellant's counterclaims and new party claims.

A

STANDARD OF REVIEW ON SUMMARY JUDGMENT

{¶ 30}  We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12.

{¶ 31}  Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.  *Harter*

*v. Chillicothe Long-Term Care, Inc.*, 4th Dist. No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 32} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

{¶ 33} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). To meet this burden, the moving party must be able to specifically point to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Bohl v. Travelers Ins. Group*, 4th Dist. No. 03CA68, 2005-Ohio-963, ¶ 17. However, if the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Grimes* at ¶ 15.

B

THE FIFTH THIRD FORECLOSURE ACTION

{¶ 34}  The court below found that Fifth Third Mortgage was entitled to summary judgment on its foreclosure action.  For the reasons set forth below, we reverse the trial court's decision and remand for further proceedings.

{¶ 35}  It is axiomatic that summary judgment "is a procedural device to terminate litigation and avoid a formal trial where there is nothing to try." *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1983).  Hence, summary judgment "must be awarded with caution * * * and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion." *Id*.  While summary judgment is a beneficial procedure aiding in the swift administration of justice, it must also "be used cautiously and with the utmost care so that a litigant's right to a trial * * * is not usurped in the presence of conflicting facts and inferences." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 14-15, 467 N.E.2d 1378 (6th Dist.1983).  "It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." *Id*. at 15.

{¶ 36}  In this case, it is clearly evident that triable issues of fact exist, making disposition of certain of the claims inappropriate on summary judgment.  Specifically in regards to Fifth Third Mortgage's foreclosure claim, a factual issue exists regarding whether Fifth Third and appellant reached an agreement modifying the terms, timing, and mode of payment. Whether the agreement is characterized as a modification agreement, forbearance agreement, assumption of mortgage, or otherwise; if any such agreement exists, as asserted by appellant,

than the mortgage would not have been in default and Fifth Third would not have been entitled to foreclose on the property. This is a factual dispute that must be determined by a trier of fact; not by a court on a motion for summary judgment.

{¶ 37} Appellees contend that appellant has failed to meet his reciprocal burden under Civ.R. 56(E); by failing to present reliable evidence demonstrating that genuine and material factual issues exist. In particular, appellees cite authority for the proposition that a nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. *See Boulton v. Vadakin*, 4th Dist. No. 07CA26, 2008-Ohio-666, ¶ 20; *Fifth Third Mortgage Co. v. Rankin*, 4th Dist. No. 10CA45, 2011-Ohio-2757, ¶ 27. It is also true, however, that:

> An otherwise competent affidavit is not invalid for the sole reason that it is
> executed by a party and submitted to aver facts in opposition to summary
> judgment. To the contrary, a party's affidavit is competent to create a genuine
> issue of material fact if made on personal knowledge. To the extent, therefore,
> that [appellant's] affidavit does not present mere conclusory assumptions but sets
> forth matters within his personal knowledge, we may consider it in this case.
> (Citations omitted.) *Fifth Third Mortgage Co. v. Berman*, 10th Dist. No. 11AP-
> 637, 2012-Ohio-4411, ¶ 17.

{¶ 38} Here, appellant's affidavit does not contain "bald contradictions" or "mere speculation" to artificially create issues of fact. Rather, his affidavit is detailed, based on personal knowledge and events, and contains corroborating evidentiary materials. This court finds the affidavit reliable for the purpose of demonstrating that questions of fact remain.

{¶ 39} While appellees deny ever reaching an agreement with appellant, they assert that even if one exists it fails to comply with the Statute of Frauds, and thus is invalid as a matter of law. Under the Statute of Frauds, an agreement concerning an interest in real property is unenforceable unless it is reflected in a signed writing containing all the essential terms of the agreement and signed by the party to be charged. R.C. 1335.04 and 1335.05. Oral agreements which extend the time of payment due under a mortgage debt are not barred by the Statute of Frauds, however, since such an agreement does not take away or confer any interest in land, but merely determines when the installments of the mortgage indebtedness become due. *See Nonamaker v. Amos*, 73 Ohio St. 163, 172, 76 N.E. 949 (1905); *Negley v. Jeffers*, 28 Ohio St. 90, 100 (1875); *Jones v. Seven Hills Farm, Inc.*, 4th Dist. No. 1977, 1991 WL 224159, *4 (Oct. 30, 1991.); *Midfirst Bank v. Biller*, 3rd Dist. No. 13-10-13, 2010-Ohio-6067, ¶ 21, fn. 4. This is consistent with the general rule that oral agreements respecting the payment schedule for an executed conveyance of land are unaffected by the Statute of Frauds. *Jones* at *4; *Pettett v. Cooper*, 62 Ohio App. 377, 383, 24 N.E.2d 299 (1st Dist.1939).

{¶ 40} Moreover, an oral assumption of a mortgage is not within the Statute of Frauds. *See Cleveland Trust Co. v. Elbrecht*, 137 Ohio St. 358, 361-362, 30 N.E.2d 433 (1940). "[S]uch a contractual obligation is not within the statute of frauds for the promise to pay the mortgage does not concern an interest in land nor constitute an agreement to answer for the debt, default or miscarriage of another." *Id*. at 362.

{¶ 41} In this case, the agreement, if one was in fact made between the parties, does not affect an interest in land. It merely structured new payment amounts and deadlines so that the appellant could avoid foreclosure. As such, the alleged agreement was not required to be reduced to writing, and is not barred by the Statute of Frauds.

{¶ 42} Having determined that triable issues of fact exist regarding whether the mortgage loan was in default, this court is not required to address appellant's legal argument that Fifth Third Mortgage failed to name necessary parties in its foreclosure action. Nonetheless, for the sake of clarity we will address the issue anyway.

{¶ 43} Appellant contends that Fifth Third Mortgage is legally prohibited from obtaining judgment on the note, mortgage, and loan modification executed by Richard Perry because it has failed to name the Richard Perry estate or the heirs of Richard Perry as defendants in this matter.

{¶ 44} A mortgagee is not required to make a deceased mortgagor's estate a party to a foreclosure action unless it seeks to hold the estate liable for the debt. *Chaco Credit Union, Inc. v. Perry*, 12th Dist. No. CA2011-05-089, 2012-Ohio-1123, ¶ 12. Put another way, it is only when the mortgagee seeks a money judgment that the estate must be made a party to the action. *Id*.

{¶ 45} In this case, a review of the Complaint in Foreclosure clearly indicates that Fifth Third Mortgage is not seeking to hold appellant or his father's unopened estate liable for the debt. Rather Fifth Third Mortgage by its complaint seeks a finding that its mortgage is a valid lien upon the property, that the mortgage is in default, that the mortgage be foreclosed, the property sold, and the proceeds distributed. Again, the complaint does not seek a judgment on the note. The trial court erred to the extent that the Foreclosure Decree awarded Fifth Third Mortgage a money judgment.[6]

---

[6] At oral argument conducted on March 7, 2013, counsel for the Fifth Third entities all but conceded that the court below awarded Fifth Third Mortgage a money judgment. Counsel argued that the error could be corrected by vacating that portion of the judgment. Since, we have determined that triable issues of fact exists, rendering summary judgment on the foreclosure action inappropriate, we need not visit the issue any further.

{¶ 46} With that said, the only necessary parties to this foreclosure action are Richard Perry's "heirs, devisees, grantees, or assignee[s], for these are the only persons interested in the equity that is to be foreclosed." *Chaco Credit* at ¶ 13. Appellant received a fee simple interest in the property by transfer on death deed, and was named a defendant in the complaint. It cannot be said that Fifth Third Mortgage failed to name the necessary parties in this foreclosure action. Thus, on remand it is not necessary that Fifth Third Mortgage include the estate of Richard Perry as a defendant.

{¶ 47} In accordance with the foregoing, appellant's assignments of error as to the grant of summary judgment in favor of Fifth Third Mortgage on its foreclosure action are sustained. The entries of the Pickaway County Court of Common Pleas granting summary judgment to Fifth Third Mortgage Company on the foreclosure claims are reversed.

C

APELLANT'S COUNTERCLAIMS AND NEW-PARTY CLAIMS

{¶ 48} Appellant also contends that the trial court erred in granting summary judgment in favor of appellees on his counterclaims and new-party claims. Appellant contends that he is entitled to summary judgment on the claims.

1. BREACH OF CONTRACT

{¶ 49} "In order to prove a breach of contract, the plaintiff must prove the contract's existence, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Chaney v. Ramsey*, 4th Dist. No. 98CA614, 1999 WL 217656, *5 (Apr. 7, 1999), citing *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2nd Dist.1994).

{¶ 50} In this case, as stated above, a triable issue of fact exists regarding whether the parties entered into a contractual relationship. Appellant contends that he met with a Fifth Third representative in July 2010, to discuss new payment options, and at that meeting the parties entered into a new payment plan. Appellees on the other hand deny that such an agreement was ever made. Thus, the existence of the alleged contract is an issue that must be determined by a trier of fact.

{¶ 51} Accordingly, we reverse the trial court's determination that the Fifth Third entities were entitled to summary judgment on appellant's breach of contract claim.

   2.   CONVERSION

{¶ 52} Appellant's conversion claim is premised upon allegations that appellees, without his consent, negotiated the insurance proceed checks which were made out to the estate of Richard Perry and Fifth Third Bancorp. To succeed on a claim of conversion, a plaintiff must prove "the wrongful exercise of dominion over the property of another in exclusion of the rights of the owner or withholding it from his possession under a claim inconsistent with his rights." *Orebaugh v. Am. Family Ins.*, 4th Dist. No. 06CA11, 2007-Ohio-3891, ¶ 27, citing *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). "The elements of a conversion cause of action are: (1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Id.*

{¶ 53} In this case, the checks issued by the insurance company were made payable to the estate of Richard Perry and to Fifth Third Bancorp. The checks were not issued to appellant, in his own name. Moreover, the record does not reveal that an estate has ever been opened, let

alone that appellant is the administrator of any such estate. Appellant so much as admits that he is not a representative of the estate saying, "Ken Perry would be the administrator of Richard Perry's estate had one been established." [Merit Brief of Appellant at p. 20.] Thus, it cannot be said that appellant has an ownership interest in the checks either in his individual capacity, or as administrator of his father's estate. Appellant lacks standing on the conversion claim because he has not demonstrated that his rights have been interfered with.

{¶ 54} Based upon these circumstances, we accordingly find that the trial court did not err in granting summary judgment to appellees on appellant's conversion claim.

### 3. FRAUD & NEGLIGENT MISREPRESENTATION

{¶ 55} Appellant's fraud and negligent misrepresentation claims are based upon the alleged promise that Fifth Third would withhold from foreclosing on the property upon receiving the $5,000.00 payment and timely payments under the new coupon payment book.

{¶ 56} In order to establish a claim for fraud, the claimant must establish the following elements:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Patton v. Moore*, 4th Dist. No. 03CA2902, 2004-Ohio-3629, ¶ 13, quoting *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987).

{¶ 57} A claimant is entitled to damages for negligent misrepresentation when he justifiably relies on a false statement, and where the maker of the false statement failed to exercise reasonable care or competence in obtaining or communicating the information. *Britton v. Gibbs Associates*, 4th Dist. No. 08CA9, 2009-Ohio-3943, ¶ 8. "Liability for negligent misrepresentation may be based on an actor's negligent failure to exercise reasonable care or competence in supplying correct information." *Id*.

{¶ 58} In this case, even if we take the alleged statements by "Kathy" as fact, appellant has not provided evidence demonstrating that the statements were made with a knowing falsity, or with reckless disregard as to the truth. Appellant has failed to locate "Kathy," and without her side of the story it is impossible to prove that the statements were made with the intent to mislead. Accordingly, the trial court did not error in entering judgment in favor of appellees on the fraud claim.

{¶ 59} Appellant's negligent misrepresentation claim, however, does not require a showing of knowing falsity or intent to mislead. Rather, appellant is only required to show that a false statement was made, that he justifiably relied on that statement, and that the maker of the statement failed to exercise reasonable care or competence in supplying the information. Appellant did present evidence in the court below, when viewed in the light most favorable to him, sufficient to survive appellees' motion for summary judgment. Accordingly, we reverse the trial court's finding of summary judgment in favor of appellees on appellant's negligent misrepresentation claim.

4. CIVIL CONSPIRACY

{¶ 60} To succeed on a civil conspiracy claim, the claimant must prove: (1) a malicious combination; (2) involving two or more persons; (3) causing injury to person or property; and (4) the existence of an unlawful act independent from the actual conspiracy. *Ogle v. Hocking Cty.*, 4th Dist No. 11CA31, 2013-Ohio-597, ¶ 14. The "malice" in a "malicious combination" involves a state of mind under which a person commits a wrongful act on purpose, without reasonable or lawful excuse, to the injury of another. *Merchants Natl. Bank v. Overstake*, 4th Dist. No. 11CA18, 2012-Ohio-6309, ¶ 13.

{¶ 61} In the case at hand, we find that appellant has not adduced sufficient evidence to show that the Fifth Third entities entered into a "malicious combination." He has produced no evidence demonstrating that representatives for Fifth Third Mortgage acted in concert with "Kathy," or any other representative of Fifth Third Bank, to conjure up a scheme to purposefully and intentionally cause injury to him. In fact, appellant concedes that the events, as he presented them, were likely the result of the left hand not knowing what the right hand was doing at Fifth Third. [Merit Brief of Appellant at p. 3.] If that were the case, that certainly does not bolster appellant's contention that the entities worked together to purposefully harm him or formed a "malicious combination."

{¶ 62} Accordingly, we affirm the trial court's finding of summary judgment in favor of the Fifth Third entities on appellant's claim of civil conspiracy.

5. ABUSE OF PROCESS

{¶ 63} To establish a claim of abuse of process, a claimant must satisfy three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it

was not designed; and (3) that direct damage has resulted from the wrongful use of process."

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.PA.*, 68 Ohio St.3d 294, 298, 626 N.E.2d 115

(1994).

{¶ 64} Fifth Third Mortgage initiated this action seeking an entry of default and decree

of foreclosure.  Fifth Third legitimately believes that the loan and mortgage are in default; and,

they will have the opportunity to prove their claims on remand.  Appellant has failed to produce

evidence showing an ulterior motive or purpose for Fifth Third's actions.   There is no liability

for abuse of process where the defendant has done nothing more than carry out a process to its

authorized conclusions.  *Tilberry v. McIntyre*, 135 Ohio App.3d 229, 241, 733 N.E.2d 636 (8th

Dist.1999), citing *Yaklevich* at 298, n. 2.

{¶ 65} Accordingly, we affirm the decision of the trial court granting summary judgment

against appellant on his abuse of process claim.

6.  OHIO CONSUMER SALES PRACTICES ACT

{¶ 66} Appellant has not addressed the dismissal of his Ohio Consumer Sales Practices

Act, R.C. 1345.01, *et seq*., claim in his appellate briefs.  Arguments which are not pressed in the

briefs may be deemed abandoned.  *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390

(1988); *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356, 188 N.E. 553 (1933);

*Wesley v. Walraven*, 4th Dist. No. 12CA18, 2013-Ohio-473, ¶ 37-38; App.R. 12(A)(2).

{¶ 67} Accordingly, we affirm the trial court's decision granting summary judgment

against appellant on his Ohio Consumers Sales Practices Act claim.

IV

THE DISCOVERY DISPUTE

{¶ 68} For his third assignment of error, appellant contends that the trial court erred when it granted appellees' Protective Order.

A

STANDARD OF REVIEW

{¶ 69} A trial court maintains broad discretion in regulating the discovery process. *Slusher v. Ohio Valley Propane Servs.*, 177 Ohio App.3d 852, 2008-Ohio-41, 896 N.E.2d 715, ¶ 33 (4th Dist.). Accordingly, the standard of review on a trial court's decision in a discovery matter is whether the court abused its discretion. *Id.* A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *Entingh v. Old Man's Cave Chalets, Inc.*, 4th Dist. No. 08CA14, 2009-Ohio-2242, ¶ 13.

B

SUFFICIENCY OF RESPONSES

{¶ 70} In both his motion to compel and memorandum contra to protective order, appellant argued that neither Fifth Third entity properly, completely, or sufficiently, answered his written discovery requests.

{¶ 71} Both motions, appellees' motion for protective order and stay of discovery and appellant's motion to compel, were fully briefed and reviewed by the court below. The trial court was afforded the opportunity to review appellees actual responses to the interrogatories and requests for admissions. Furthermore, appellees provided approximately 1,000 documents in response to appellant's document production requests.

Taking these circumstances into consideration, it cannot be said that the trial court's discovery ruling was unreasonable, arbitrary, or unconscionable.

{¶ 72}  Based on the foregoing, we overrule appellant's third assignment of error.

V

CONCLUSION

{¶ 73}  We hold that the trial court erred when it granted summary judgment and a foreclosure decree in favor of Fifth Third Mortgage Company on its claims for relief. Triable issues of fact exist regarding whether the parties agreed to adjust the mortgage payment schedule.  As to the trial court's grant of summary judgment in favor of the Fifth Third entities on appellant's counterclaims and new party claims, we find that the trial court did not err on the conversion, fraud, civil conspiracy, abuse of process, and Ohio Consumer Sales Practices Act claims.  We do find however, that the trial court erred in granting summary judgment on the breach of contract and negligent misrepresentation claims.  Based on the record evidence, triable issues of fact exist rendering disposition of those claims on summary judgment inappropriate.

{¶ 74}  We further hold that the trial court did not err in granting appellees' motion for protective order and stay of discovery for the reasons set forth above.

{¶ 75}  Accordingly, we affirm in part, reverse in part, and remand the case to the trial court for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

**JUDGMENT ENTRY**


It is ordered that the JUDGMENT BE AFFIRMED IN PART, and REVERSED IN PART, and this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellee and Appellant shall divide equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


| | |
|---|---|
| *DeGenaro, J.: | Concurs in Judgment and Opinion. |
| Abele, J.: | Concurs in Judgment and Opinion as to Assignments of Error II and III. |
| | Concurs in Judgment Only as to Assignments of Error I and IV. |


For the Court

By:_____
            Marie Hoover, Judge


**NOTICE TO COUNSEL**


Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

*Judge Mary DeGenaro from the Seventh Appellate District, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.