Judge Grimke
delivered the opinion of the court:
The question arising in this case is a very important one, and is,, I believe, for the first time, presented for decision in this country. It is, whether a person may, by certain acts of his own, such as his-acceptance of an interest conveyed by deed, which he never executed, bind himself to perform all the conditions and covenants-which it contains, as effectually as if he had in a formal manner sealed and delivered the instrument. The general rule undoubtedly is, that the action of covenant can not be maintained, except against a person who, by himself or some other person authorized by him, has executed a deed under seal. Rut, although this is the-general doctrine, yet it is contended that there are exceptions to it, and that the exceptions are as firmly established as the rule itself. Saunders, in his work on Pleading and Evidence, seems to consider the law as thus established, though he does not undertake to examine the correctness of it. The leading authority which is usually relied on, is in Go. Lit. 231, a, where it is said that if a lease is made to A. and B., by indenture, and A. only execute it, but B-agrees thereto, and enjoys the premises by virtue of the demise,, an action may be maintained against both jointly. Mr. Platt, in. his very able treatise on the Law of Covenants, page 12, remarks, that the cases in the year books, which are referred to by Coke,, do not authorize the position that an action of covenant may be maintained against a person who has not executed the deed, but. who has availed himself of some benefit under it; that the two first cases cited, 38 Ed. 3, c. 8, a, and 3 H. 6, c. 26, were not actions of covenant, but of debt, and that the last, 45 E. 3, c. 11, 12, has still less relevancy to the doctrine. Indeed, Coke himself does not say that an action of covenant will lie, but only an action; and the reader is left to conjecture, what form of action he really intended. But the doctrine now contended for, has derived fresh importance *444 from some observations which were made by Abbott, C. J., in the late case of Burnett v. Lynch, 5 B. & C. 602; S. C., 8 D. & R. 368. The ^action was ease and not covenant; but the chief justice, in delivering his opinion, declares that covenant may be sustained “under some very peculiar circumstances, such as those mentioned in Co. Lit. 231, a.” Yet it is evident that this is only an extrajudicial opinion, without examination of the cases on which the position rests ; and I think it is moreover evident that it is said hesitatingly and reluctantly.
Brett v. Cumberland, Cro. Jac. 399, 522, are also relied upon. These decide that covenant lies against the grantee of the king’s patent for rent reserved. These cases stand alone ; indeed, they are regarded by Blaekstone, in his Commentaries, as forming the only exception to the general rule. In Goodwin v. Gilbert, 9 Mass. 510, it is held that where land is conveyed by deed poll, and the grantee enters the deed, certain duties being reserved to be performed by him, as no action lies upon the deed, an action of assumption may be maintained against him. The case was argued by very able counsel, Dexter and Jackson on one side, and Otis and Sullivan on the other; and yet no allusion is made to the peculiar doctrine supposed to be laid down by Coke, although the defense rested principally upon objections to the form of the action. The doctrine was not noticed in any of the early editions of Chitty’s Pleading, but it has lately arrested his attention in consequence of its having been made the subject of a rigid scrutiny and examination; and in the edition of 1833 he seems to consider it as a departure from well-established principles. The doctrine with regard to covenants running with the land has evidently no application. No such covenants can be created or assigned, except by deed. A lessee by deed poll, or writing not under seal, who should be bound to the performance of certain duties relating to the land, could not therefore be sued in covenant, because those duties in order that they should be considered as covenants, must, in addition to their relation to the land, be created by deed. Their relation to the land does not convert them into covenants, but (provided something else is done) only characterizes them as covenants, which concern the realty. It would seem sufficient to stop here; for if such adoctrine is unsustained, either on principle or authority, in England, and has never been asserted until now in any of the courts of America, we bald it to be most fit that it should re *445 ceive no countenance or sanction, and that the error should be be detected in the very beginning, *rather than the court should be called upon at some, future day to reconsider an opinion which was manifestly inconsistent with the most settled principles of law. It becomes unnecessary to examine any other questions made, as this disposes of the case. The plaintiff must therefore submit to a nonsuit.