## ZAKRAJSEK v VESEL

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10822. Decided Oct. 6, 1930

F. C. Friend, Cleveland, for Zakrajsek.
Harry F. Glick, Cleveland, for Vesel.

**CLINE, J.**

Plaintiff in error claims that possession taken and rents paid under a defectively executed lease creates only a tenancy from year to year or month to month, dependent upon the terms as to payment of rentals as stated in **Lithograph Bulding Co. vs Watt, 97 Oh St 74.** Also relying on **Lane vs Greene et al 21 O App Rep 62,** plaintiff in error claims that

"possession under a defective lease providing for rental payable monthly and practical construction of parties held to create tenancy from month to month," and

that if the lease were defectively executed he would be bound thereby only from month to month.

The supplementary brief submitted by the attorney for Zakrajsek refers to **Trustees vs Spencer, 7 Ohio 149** the syllabus of which reads as follows:

"An action of covenant can not be sustained for rent against a lessee in a lease sealed and subscribed only by the lessors, although such lessee has actually entered into possession under the lease."

The case shows that this was an action upon a lease executed under seal which lease was made pursuant to a special act of legislature. This being the fact the laws now in force would have no application to the special conditions arising under the lease or the special statute under which it was enacted.

The question involved was decided in the case of **Grant vs Ramsey, 7 Oh St 157,** the syllabus of which is as follows:

"2. A parol lease of lands for more than one year, but less than three, will, by the taking possession under it, and the payment of rent according to its terms, be withdrawn wholly from the operation of the statute of frauds.

3. In such a case the tenant cannot by a voluntary abandonment of the premises during the term, terminate his further liability to pay rent, although the landlord may have neglected to execute a written lease according to the agreement of the parties, unless the abandonment appears to have been on account of such neglect."

Counsel for plaintiff conceded during the argument that if the plaintiff had taken possession of the premises under the lease, that he would be bound by the lease even though his wife had not signed the instrument.

Inasmuch as the evidence warrants the conclusion that there was a taking of possession under the lease in question the conclusion would follow from the admission of plaintiff that he would be responsible for the rents reserved. We do not think however, that the lease was defectively executed. Since the lessors signed and executed the lease for three years and delivered it into the hands of Zakrajsek and he had entered into possession and paid rentals thereunder, that he would be bound by the terms of the lease and neither his signature nor that of his wife would be required to make the instrument valid.

The lessor only attempted to enforce the lease against Zakrajsek who alone signed it and no attempt was made to enforce it against the wife of Zakrajsek. Zakrapsek having signed the lease and having taken possession and paid rent under it, judgment of the court below must be affirmed.

Vickery, PJ, and Levine, J, concur.