Williams, J.
 

 The sole inquiry is whether the contract of assumption on which the personal judgments against the defendant, John B. Lindner, were founded was an agreement or promise in writing to which the fifteen-year limitation provided for in Section 11221, General Code, applies, or an implied contract within the meaning of Section 11222, General Code, which provides that an action on a contract not in writing express or implied shall be brought within six years after the cause of action accrued.
 

 It is not questioned that as between the grantor-mortgagor and the grantee the contract of assumption is in writing and applies to the mortgages as well as taxes and assessments; but the controversy is as to the relation between the mortgage creditors and the grantee. The plaintiff which, by virtue of assignment, stands in the shoes of the mortgagee, maintains that its right to a personal judgment as well as the right of the other mortgage creditors (the defendants Nagy) is
 
 *361
 
 based on tbe written provision in tbe deed by which tbe grantee, John B. Lindner, assumed and agreed to pay tbe mortgages, that is, on an agreement or promise in writing. Tbe defendant, John B. Lindner, maintains that tbe contract of assumption is as to plaintiff and tbe other mortgage creditors merely an implied contract. Tbe defendants Nagy have filed no brief and appear in tbe appeal only as appellees.
 

 To determine whether tbe rights of action of the mortgage creditors are founded upon tbe written contract contained in tbe deed or upon an implied contract requires a careful consideration of tbe nature of a third party beneficiary contract arising from a conveyance containing such a contract of assumption.
 

 In most American jurisdictions a contract made for tbe benefit of a third person has been recognized as creating a valid obligation on which tbe third party beneficiary may maintain an action at law against tbe promisor for money agreed to be paid or indebtedness assumed.
 
 Carson Pirie Scott & Co.
 
 v.
 
 Parrett et al, Exrs.,
 
 346 Ill., 252, 178 N. E., 498, 81 A. L. R., 1262, annotation at 1279; 2 Williston on Contracts (Rev. Ed.), 1103, Section 381. Tbe application of tbe principle has received especial recognition where tbe purchaser of premises assumes and agrees to pay a mortgage thereon.
 
 McCown
 
 v.
 
 Nicks,
 
 171 Ark., 260, 284 S. W., 739, 47 A. L. R., 332, annotation at 340; 2 Willis-ton on Contracts (Rev. Ed.), 1111, Section 383; 1 Restatement of Law of Contracts, 161, Section 136, Subsection 1, Illustration 2.
 

 This court long ago recognized tbe rule that a mortgagee could recover judgment against tbe grantee of mortgaged premises upon an agreement by which tbe grantee assumed tbe mortgage indebtedness as part consideration for tbe conveyance, whether tbe agreement was in or
 
 dehors
 
 tbe deed.
 
 Society of Friends
 
 v.
 
 Haines,
 
 47 Ohio St., 423, 25 N. E., 119;
 
 Poe
 
 v.
 
 Dixon,
 
 60 Ohio St., 124, 54 N. E., 86, 71 Am. St. Rep., 713;
 
 *362
 

 Walser, Admr.,
 
 v.
 
 Farmers Trust Co.,
 
 126 Ohio St., 367, 185 N. E., 535.
 

 The consideration supporting the deed by which the transfer is effectuated is a sufficient
 
 quid pro quo
 
 to support the assumption agreement in favor of the creditor-beneficiary. It is, moreover, inconsequential that the agreement is evidenced by a deed poll, as in the instant case, for the acceptance of the deed binds the grantee as effectually as if the deed were an indenture or contract
 
 inter partes. Hickey
 
 v.
 
 Lake Shore & M. S. Ry. Co.,
 
 51 Ohio St., 40, 47, 36 N. E., 672, 46 Am. St. Rep., 545, 23 L. R. A., 396;
 
 New York Central Rd. Co.
 
 v.
 
 City of Bucyrus,
 
 126 Ohio St., 558, 570, 186 N. E., 450. Then too, such a contractual obligation is not within the Statute of Frauds for the promise to pay the mortgage does not concern an interest in land nor constitute an agreement to answer for the debt, default or miscarriage of another. The promise relates only to existing indebtedness and is the direct primary obligation of the grantee.
 

 In some jurisdictions an obstacle to recovery has been found in instances in which the promise of assumption is embodied in a written instrument under seal. 2 Williston on Contracts (Rev. Ed.), 1152, Section 401. This difficulty is obviated in Ohio because private seals are abolished and, if such a seal be employed, it does not give added force to the instrument or change its construction. Section 32, General Code.
 

 The only conclusion warranted by the authorities is that the action by the creditor-beneficiary is founded on the contract between the grantor and grantee. In the case at bar the only contract there is to support the judgments is that written in the deed. The contention of the defendant Lindner that the actions of plaintiff and the cross-petitioners Nagy rest not upon a contract in writing but upon an implied contract, can not be sustained. The actions were predicated upon an agreement or promise in writing and would not be
 
 *363
 
 barred until fifteen years after tbe accrual of tbe causes of action. Section 11221, General Code.
 

 The courts below did not err and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Turner, Matthias and Hart, JJ., concur.