**SCHRAM v. COYNE.**
No. 8968.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1942.

Edward M. Brown, of Cincinnati, Ohio. (Robert S. Marx, Frank E. Wood, and Edward M. Brown, all of Cincinnati, Ohio, Lawrence I. Levi and Frank Wiseman, both of Detroit, Mich., and Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellant.

Glenn D. Curtis, of Detroit, Mich. (Bulkley, Ledyard, Dickinson & Wright, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

In 1926, Adolph Deutsch and his wife executed a real estate mortgage on certain premises to a bank. Thereafter, they conveyed the property to appellee by warranty deed, which set forth that it was free and clear of all encumbrances except the above-mentioned mortgage, which appellee "assumes and agrees to pay according to its terms and stipulations." The last payment on the mortgage was made by appellee on July 25, 1932, and the mortgage and note were thereafter foreclosed in September, 1935, by appellant, as receiver of the bank. This action to recover a deficiency of $579.30 was commenced by appellant in 1940. The District Court held

that, in accepting the deed, appellee assumed payment of the mortgage, but that his agreement was a simple contract and not a covenant, and, accordingly, entered judgment of no cause of action. The basis for the entry of the judgment, and the importance of the distinction between simple contract and covenant in this case, is because of the Michigan statute of limitations, which provides that all actions shall be commenced within six years after the cause of action shall accrue, and not afterward, except that action founded on covenants in deeds and mortgages of real estate may be brought within 10 years from the time that the cause of action accrued on such covenant. 3 Comp.Laws Mich. 1929, § 13976; Mich.Stat.Ann. § 27.605.

Whether acceptance by a grantee of a deed from a mortgagor, containing the grantee's assumption of the mortgage, renders the grantee liable to the mortgagee on the covenant or simple contract, is a question that has not been decided by the Michigan courts.

In a number of jurisdictions, such a grantee is held to be bound only on simple contract. Willard v. Wood, 164 U.S. 502, 17 S.Ct. 176, 41 L.Ed. 531; Nutter v. Mroczka, 303 Mass. 343, 21 N.E.2d 979; Taylor v. Forbes' Adm'r, 101 Va. 658, 44 S.E. 888; Bishop v. Douglass, 25 Wis. 696; Hollister v. Strahon, 23 S.D. 570, 122 N.W. 604, 21 Ann.Cas. 677; Clement v. Willett, 105 Minn. 267, 117 N.W. 491, 17 L.R.A., N.S., 1094, 127 Am.St.Rep. 562, 15 Ann.Cas. 1053; Foster v. Atwater, 42 Conn. 244; Maule v. Weaver, 7 Pa. 329; Hocking County Trustees v. Spencer, 7 Ohio 149, pt. 2; see Johnson v. Muzzy, 45 Vt. 419, 12 Am.Rep. 214; Baldwin v. Emery, 89 Me. 496, 36 A. 994.

In other states, such a grantee is liable on the covenant to assume and pay the mortgage. Atlantic Dock Co. v. Leavitt, 54 N.Y. 35, 13 Am.Rep. 556; Brice v. National Bondholders Corp., 187 Ga. 511, 1 S.E.2d 426; Fidelity Union Trust Co. v. Prudent Inv. Corp., 129 N.J.Eq. 255, 19 A. 2d 224; Parlier v. Miller, 186 N.C. 501, 119 S.E. 898; Turner v. Williams, 235 Ala. 502, 180 So. 95; Beeson v. Green, 103 Iowa 406, 72 N.W. 555. In some states, it is provided by statute that where instruments are in writing, they are within the statute of limitations; and in certain of these jurisdictions, a recital in a deed poll, that the grantee agrees to assume the mortgage, is held to be enforceable as a written instrument, within the meaning of such statutes. See Cleveland Trust Co. v. Elbrecht, 137 Ohio St. 358, 30 N.E.2d 433; Bracklein v. Realty Ins. Co., 95 Utah 490, 80 P.2d 471; First National Bank of Berwyn v. Raymer, 180 Okl. 529, 71 P.2d 485.

In discussing covenants and instruments under seal, one is speaking of concepts of a remote time, which have been shorn, throughout the centuries, of much of their former force and efficacy; and, more recently, in many jurisdictions, their former distinguishing marks have been completely effaced. Distinctions between sealed and unsealed instruments have been abolished in many states. In Michigan, by statute, in effect at the time this controversy arose, it was provided that instruments, then required to be under seal, should be deemed in all respects to be sealed instruments, provided that the word "seal" or the letters "L. S." were added in the place where the seal should be affixed; Comp.Laws Mich. 1929, § 13328; Mich.Stat.Ann. § 26.591; and it is now provided that deeds, mortgages, or other instruments affecting the title to real estate shall be construed to be sealed instruments, without affixing a seal, scroll, device, or the word "seal" or the letters "L. S." Act 63, Pub.Acts 1937, Mich. Stat.Ann. § 26.595, Supp.1940.

While the importance of seals is disappearing, the law, in some cases, still maintains the fiction of their force, notably in the application of statutes of limitations, as in this controversy; and, because we are here confronted with instruments under seal, a passing reference to their nature serves to define a fundamental attribute.

As remarked by Justice Holmes, originally, at common law, a charter was simply a writing; and since few could write, most people authenticated them by making a mark, and when seals belonged only to the great, apparently seals were only evidence of the authenticity of the charters. But when seals came into more general use, they acquired such importance that men were bound thereby, although their seals had been affixed without their consent. "A covenant or contract under seal was no longer a promise well proved; it was a promise of a distinct nature, for which a distinct form of action came to be provided. * * * The man who had set his hand to a charter, from being bound because he

had consented to be, and because there was a writing to prove it, was now held by the force of the seal and by deed alone, as distinguished from all other writings." Holmes, The Common Law, pages 277 and 278. That the distinction between contract and covenant is still observed may be seen in a recent Michigan case, Guardian Depositors Corp. v. Savage, 287 Mich. 193, 283 N.W. 26, 27, 124 A.L.R. 635, where it is said: "Always a covenant obligation has been considered more solemn and binding than a mere promise in writing not under seal."

Appellant relies upon Crawford v. Edwards, 33 Mich. 354, as the Michigan authority most nearly approaching the view that an assuming grantee is bound on the covenant rather than on simple contract. In that case, the court said: "The acceptance of such a deed binds the grantee as effectually as though the deed had been inter partes, and had been executed by both grantor and grantee." But it cannot be concluded from the foregoing that such a grantee is bound as a covenantor. In Baldwin v. Emery, 89 Me. 496, 36 A. 994, where it was also said, in almost identical language, that acceptance of a deed poll by a grantee renders him liable to perform all the acts therein required of him, as effectually as if it were an indenture executed under his own hand and seal, it was held that the remedy was assumpsit or debt, and not covenant, for the reason that only a covenant could be sued on in an action of covenant; and in the late case of Nutter v. Mroczka, supra, the Supreme Court of Massachusetts, in holding that an assuming grantee became bound by a promise, implied by his acceptance of the deed, on simple contract, and not on contract under seal, observed [303 Mass. 343, 21 N.E.2d 981]: "This distinction was marked, while the old forms of action were retained, by the fact that the grantee must be sued in assumpsit, and not in covenant."

In the case of Crawford v. Edwards, supra, previously mentioned, and upon which appellant strongly relies, the Supreme Court of Michigan further remarked: "It was said in Earl of Belvidere v. Rochfort, cited in Hoff's Appeal, 24 Pa. [200], 205, 'The plain intent of the deed was to put the purchaser in the place of the vendor, and that he might not be longer liable to the mortgagee, a sufficient part of the purchase money was left in the purchaser's hands for satisfaction of the mortgage, the purchaser thereby taking upon himself the vendor's bond and covenant for payment of the mortgage as fully as if he himself had covenanted to pay it off. And either the vendor or mortgagee might, upon that contract, have compelled him to pay it off.'" A reference to Hoff's Appeal, supra, discloses that the court in that case held that an assuming grantee was liable in assumpsit, if not in covenant. The portion of the opinion quoted in Crawford v. Edwards, supra, was preceded by a statement by the Pennsylvania court that it was immaterial whether the assumption of mortgage by the acceptance of deed amounted to a covenant; and the only question decided was that such a grantee would, in any event, be liable in an action for money had and received. But where a similar question of covenant came squarely before the Supreme Court of Pennsylvania in Maule v. Weaver, supra, Chief Justice Gibson, writing for the court, held that an action of covenant could not be maintained against a grantee in a deed poll under any circumstances, and that while mutual covenants might be contained in the same instrument, each party must seal and deliver his own, exactly as if they were contained in several parts of it; and it was held that recitals in such a deed did not bind the grantee as a covenantor, unless he sealed it. From the foregoing, we are not persuaded that the language in Crawford v. Edwards, supra, indicates that the court considered an assuming grantee in a deed poll to be liable beyond simple contract.

However, a somewhat oblique reference to the general proposition before us is to be found in Howe v. Lemon, 37 Mich. 164, which may be said remotely to indicate the view of the court, where liability is asserted on the ground that one has merely accepted an agreement embodying a covenant to assume an indebtedness. In that case, Henry Lemon entered into an agreement with the Howes, by which the latter were to pay his debts, and in consideration thereof, that Lemon and his wife should convey certain property to the Howes. The latter, in turn, were to give back to Mrs. Lemon an agreement to reconvey to her when they were repaid what they had disbursed. The conveyance was executed by the Lemons to the Howes. The Howes then gave Mrs. Lemon an agreement reciting that the

land had been conveyed to them as security for the payment of Lemon's debts. The agreement further purported to make Mrs. Lemon covenant for the repayment to the Howes of the money they had ·paid on the debts. Although Mrs. Lemon accepted this agreement, she did not sign it. Thereafter, the Howes foreclosed the conveyance which they had received from the Lemons, as a mortgage. The trial court decreed foreclosure and charged Mrs. Lemon, personally. On appeal, this was held to be erroneous. The court stated that if Mrs. Lemon were liable, it must be on the ground that, by accepting the agreement for reconveyance to her, reciting that she covenanted to repay the money to the Howes, she, by implication, promised to pay the amount. But because it was provided by statute that no mortgage should be construed as implying a covenant for the payment of a sum thereby intended to be secured, she could not be held as she had not signed the agreement.

In the instant case, it could likewise be said that the only ground for holding the grantee would be that, by accepting·a deed poll, with recitals that he assumed payment of the mortgage, he promised, by implication, to pay it.

In Pike v. Brown, 7 Cush., Mass., 133, Chief Justice Shaw said: "The principle is well settled, that where one, by deed poll, grants land, and conveys any right, title or interest in real estate to another, and where there is any money to be paid by the grantee to the 'grantor, or any other debt or duty to be performed by the grantee to the grantor, or for his use and benefit, and the grantee accepts the deed and enters on the estate, the grantee becomes bound to make such payment, or perform such duty, and not having sealed the instrument, he is not bound by it as a deed; but it being a duty, the law implies a promise to perform it, upon, which promise, in case of failure, assumpsit will lie."

In Willard v. Wood, supra, Chief Justice Fuller, speaking for the Supreme Court, held that the grantee's liability, by reason of his acceptance of a deed, without executing it, containing a covenant on his part to assume a mortgage on the premises conveyed, was a simple contract, not a specialty, and subject to the statute of limitations applicable to simple contracts.

Appellant cites Cleveland Trust Co. v. Elbrecht, 137 Ohio St. 358, 30 N.E.2d 433, in support of its contention. That case held that where contracts in writing were within a statute of limitations, a recital in a deed poll that the grantee assumed a mortgage was enforceable as a .contract in writing within the meaning of the .statute. But in a case involving a question similar to that before us, the Supreme Court of Ohio, in Hocking County Trustees v. Spencer, supra, held that an action of covenant could not be maintained against a lessee for rent agreed to be paid by him, in a lease signed and sealed only by the lessor, for the reason that the grantee had not signed and sealed the instrument.

Appellant further relies upon Guardian Depositors Corp. v. Powers, 296 Mich. 553, 296 N.W. 675, where, in considering the liability of a grantee who had accepted a deed containing a covenant reciting that the grantee assumed and agreed to pay a certain mortgage, the court enumerated as one of the remedies of a mortgagee—not the mortgagee in the case then before the court—an action at law on the covenant in the mortgage; but in that case, the grantee, after accepting the deed, carried on direct dealings with the mortgagee, executing a promissory note, as well as an agreement, whereby he assumed the obligations of the mortgage, and the mortgagee accepted such grantee as the debtor. Under these circumstances, and because the cited case involved no disposition of the issue before us, it cannot be considered here applicable. Other Michigan cases cited indicate little more, with respect to the point in issue, than the fact that the distinctions between covenants and simple contracts are closely adhered to, in considering liabilities on foreclosure. The statute of limitations, applying to "actions founded upon covenants in deeds and mortgages of real estate," relates to actions against a covenantor in such deeds and mortgages, and not on covenants of another, for which it is sought to hold a party on implied contract on the theory that he has assumed to carry out the obligations contained in such covenant. In this case, the only covenant to pay the mortgage was the covenant of the mortgagor. See Frank v. Applebaum, 270 Mich. 402, 259 N.W. 302. That the Michigan statute relating to mortgage foreclosure was modeled after the New York statute gives no special force to the decisions of the courts of that state on the

question of limitation of actions in contracts and covenants. It may be further remarked that the question before us is not concerned with the obligations of parties in covenants running with the land. An agreement to assume and pay a mortgage is not a covenant running with the land. Such an agreement may be shown by parole evidence and the obligation be imposed, although the deed is silent; it is a collateral and personal contract relating to the consideration. See Swarthout v. Shields, 185 Mich. 427, 152 N.W. 202; Clement v. Willett, supra; Gibson v. Holden, 115 Ill. 199, 3 N.E. 282, 56 Am.Rep. 146. On enforcement of covenants as equitable servitudes, see Everett Factories & Terminal Corp. v. Oldetyme Distillers Corp., 300 Mass. 499, 15 N.E.2d 829, 118 A.L.R. 965.

In view of the fact that the question here before us has often been considered in detailed opinions, which appear in the cases heretofore cited, there is no reason to discuss at length the principles involved. The authorities supporting the contention that the grantee, in the given case, is liable as a covenantor, rather than on simple contract, hold that acceptance of the deed is in the nature of a covenant; or that it is equivalent to a covenant; or that the grantee is bound as completely as though he had signed the agreement. The cases holding that the liability, in such a case, is only one of simple contract, while agreeing that it may be enforced as an equitable servitude, or as a promise for the benefit of another, hold that the grantee cannot be held as a covenantor because he had not signed and sealed the agreement; and that the fundamental requisite of a covenant is that it be signed and sealed. With this latter view, we are in accord, persuaded by strength of authority of its support in reason and precedent.

In spite of disappearing distinctions between instruments under seal and simple contracts, where the difference is important by reason of reference to covenants in statutory provisions, we are of the opinion that, in such a case, they must be restricted to their traditional and special meaning. Of a more solemn character than simple contracts, their original requirements were that they be signed and sealed. Under the present Michigan law, although deeds and mortgages are not required to have affixed to them a seal or scroll, they are, nevertheless, considered sealed instruments by virtue of statute; and the distinction is still important. Guardian Depositors Corp. v. Savage, supra. According to other statutory provisions here applicable, no covenants can be implied in any conveyance of real estate, except oil and gas leases, and no mortgage can be construed as implying a covenant for the payment of a sum thereby intended to be secured. Sections 13281, 13282, Mich.Comp. Laws 1929; Mich.Stat. Ann. §§ 26.525, 26.526. Since, in deeds and mortgages containing various covenants signed by the party thereto covenanting, no other covenants may be implied, the conclusion reasonably follows that a party who neither signs nor seals a deed or a mortgage, cannot be held as a covenantor, simply because he accepts a deed which states that he will assume and pay a mortgage. Such a grantee's liability is implied from his acceptance of the deed. Under such circumstances, he cannot be said to be bound on an express covenant to pay the mortgage. In order to be obligated as a covenantor, he must seal it or adopt the seal of another; or, where the seal is unnecessary by reason of statute, he must, at least, sign it.

In accordance with the foregoing it is our conclusion that the appellee is liable for the assumption and payment of the mortgage only on simple contract. The statute of limitations for action on such a contract having run, appellant had no enforceable rights; and the judgment of the District Court is affirmed.